UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA

VERSUS

DONALD KELLY (01)

CASE NO.  3:25-CR-00082-01

JUDGE TERRY A. DOUGHTY

MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Before the Court is a Motion in Limine [Doc. No. 71] filed by Defendant, Donald Kelly ("Defendant"). The United States of America ("the Government") opposes the Motion [Doc. No. 76]. For the following reasons the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    Background

The Government indicted Defendant on April 2, 2025, on one count of distribution of methamphetamine (in violation of Title 21 United State Code, Section 841(a)(1) and (b)(1)(A)(viii)), one count of possession with the intent to distribute methamphetamine (in violation of Title 18 United State Code, Section 841(a)(1) and (b)(1)(B)(viii)), one count of possession of firearm by a prohibited person (in violation of Title 18, United States Code, Section 922(g)(1)), and one count of possession of a firearm during a drug trafficking offense (in violation of Title 18 United State Code, Section 924(c)(1)(A)).[1] Defendant's trial is set for August 10, 2026.[2]

---

[1] [Doc. No. 1, pp. 1–2].
[2] [Doc. No. 55, p. 1].

On June 25, 2026, the Government filed a Notice of Intent to Present Expert Testimony ("the Notice"), which listed, as potential witnesses, Monroe Police Department Officer, Anthony Cowan ("Cowan"); U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives Agent, Christina Curtis ("Curtis"); and South Central Laboratory of the Drug Enforcement Agency employees, Denise Williams ("Williams") and Allison Krehbiel ("Krehbiel").[3] The Government attached exhibits of Cowan and Curtis' opinions with the Notice,[4] but not Williams or Krehbiel's opinions, noting they previously tendered those reports to Defendant.[5]

Defendant raises several challenges to the Government's proffered evidence.[6] First, he argues, that the Notice is inadequate as to all four proffered experts. Second, he argues, that Cowan's testimony violates Rule 704(b). Third, he argues, that Cowan's testimony is not reliable under Rule 702. And fourth, he argues, that Curtis's expert opinion is premature.[7]

The parties briefed all relevant issues, and the matter is ripe.

## II.     Law and Analysis

### A.     Motion in Limine Standard

Motions in limine are well-established pre-trial motions that play an important role. They prohibit opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely

---

[3] [Doc. No. 56].
[4] [Doc. Nos. 56-2; 56-4].
[5] [Doc. No. 56, pp. 1–2].
[6] [Doc. No. 71, pp. 3–9].
[7] Defendant also makes a fifth argument about allowing Williams and Krehbiel's opinions only if their disclosures follow Rule 16, [Id. at p. 9], but Court finds this duplicative of Defendant's first argument.

motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Vaughn v. Hobby Lobby Stores, Inc.*, 539 F. Supp. 3d 577, 582 (W.D. La. 2021).

Motions in limine are, however, frequently made abstractly and in anticipation of a "hypothetical circumstance" that may never develop at trial. *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Therefore, they should "rarely" be used to "exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Luv N' Care v. Laurain*, No. 16-777, 2021 WL 3440623, at *6 (W.D. La. Aug. 5, 2021). Instead, courts should only exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020). Finally, a ruling on a motion in limine is not an ultimate ruling on the admissibility of the evidence, and the Court may alter a prior ruling on admissibility as the case unfolds. *See Luce v. United States*, 469 U.S. 38, 41–42 (1984).

### B.    Merits

The Court first analyzes Defendant's argument about the Notice's inadequacy. Next, it examines his arguments on Cowan's opinion about Defendant's mental state. Third, the Court addresses whether Cowan's testimony is reliable under Rule 702. Finally, the Court looks at whether Curtis's nexus opinion is premature.

### 1.    The Government's Notice is Adequate

Under Rule 16, the Government "must disclose to the defendant, in writing, [a complete statement of all opinions that the government will elicit from an expert witness] at trial." Fed. R. Crim. P. 16(a)(1)(G)(i), (iii). The Government must also

disclose the "bases and reasons for" an expert opinion, the expert's qualifications, and "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." *Id.*

Defendant challenges the inadequacy of the Notice for all four proffered experts: (1) Cowan, (2) Curtis, and (3) Williams and (4) Krehbiel. The Court goes through the arguments for each expert in-turn.

Start with Cowan's opinions. Defendant challenges Cowan's opinion that the methamphetamine and THC pens found at Defendant's house were Defendant's and that he possessed it to distribute it and not for personal use.[8] Cowan's report clearly lays out reasoning for reaching that conclusion. The report says that Cowan relied on his training and experience.[9] But since Cowan directly investigated Defendant's house, he also relies on his personal knowledge. When he searched Defendant's house, Cowan found the methamphetamine and THC pens, but no glass pipes or needles— necessary equipment for personal use of said drugs.[10] As such, Cowan concluded Defendant did not possess said drugs for his use. And during a controlled buy, which formed the basis for obtaining a warrant to search Defendant's residence, a confidential informant allegedly purchased 112 grams of methamphetamine from Defendant.[11] So Cowan relied on that information to conclude the drugs found in Defendant's house were his and that he had them for distribution. Therefore, Cowan's report adequately provides the basis for his opinions and does not violate Rule 16.

---

[8] [Doc. No. 71, pp. 4–5].
[9] [Doc. No. 56-2, p. 1].
[10] [Id.].
[11] [Id.].

Next is Curtis's opinions. Defendant avers that the Notice states no opinion from Curtis, only that she "will testify 'regarding movement in commerce.'"[12] Partially true. The Notice itself only says that much, but Curtis' expert report says far more. In her report, Curtis notes that the firearms at issue were made in Arizona and North Carolina.[13] That necessarily means those firearms were not made in Louisiana. So, Curtis concludes, those firearms had to travel in interstate commerce to reach Defendant, who is in Louisiana.[14] As such, Curtis provides adequate information on the basis and reasoning for her opinion. So her report satisfies Rule 16.

Finally, there are Williams and Krehbiel's opinions. Defendant argues the Notice is inadequate, as to them, because it only says they will testify "regarding their chemical analysis" of the drugs.[15] Again, true in part. The Government did not provide Defendant with Williams and Krehbiel's reports when they filed the Notice because they, allegedly, already tendered said reports to Defendant.[16] Either way, the Government filed those reports with their opposition to Defendant's Motion.[17] And both reports clearly state the basis and methods used to determine the weight and purity of the drugs.[18] As such, these reports also satisfy Rule 16.

Accordingly, Defendant's Motion is **DENIED** as to the inadequacy of the Notice under Rule 16.[19]

---

[12] [Doc. No. 71, p. 4].
[13] [Doc. No. 56-4, p. 1].
[14] [Id. at p. 2].
[15] [Doc. No. 71, p. 4].
[16] [Doc. No. 76, p. 6].
[17] [Doc. Nos. 76-1; 76-2].
[18] [Id.].
[19] Consequently, Defendant's fifth argument is also denied.

### 2.    Cowan's Account of Defendant's Mental State is Barred

Rule 704 prohibits an expert witness in a criminal trial from proffering "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). In *Diaz v. United States*, the Supreme Court clarified the contours of this rule. 602 U.S. 526 (2024). There, an investigator opined, at trial, that according to his personal knowledge, "in most circumstances," drug couriers know that "they are hired … to take drugs from point A to point B." *Id.* at 534 (citation omitted). The defendant argued the agent's testimony violated Rule 704(b). The Court disagreed. The Court noted the agent's "opinion does not necessarily describe [the defendant's] mental state. After all, [she] may or may not be like most drug couriers." *Id.* In doing so, the Court distinguished between permissible opinions "about *most* couriers with" impermissible ones "about *all* couriers." *Id.* at 535.

Here, Defendant argues that three statements from Cowan's report violate the above principles.[20] First, is Cowan's declaration that Defendant possessed "the Methamphetamine and THC vape pens" found in his house "with the intention of distributing them." Second, is Cowan's statement that Defendant "was not a user" of the drugs found in his house. Third, is Cowan's assertion that "the firearms which [Defendant] possessed were to further his narcotic distribution."

The Government agrees as to the first two assertions, and as to Cowan's claim that Defendant "is a convicted felon who knows that he can't possess a firearm."[21]

---

[20] [Doc. No. 71, p. 6].
[21] [Doc. No. 76, pp. 7–8].

Regarding the third assertion, however, the Government argues that opinion do not focus on Defendant's intent as intent is not necessary to prove possession of a firearm in furtherance of a drug-trafficking crime.[22] Even so, the Government agrees that Cowan's testimony must be narrowed to only assert that Defendant possessed the firearm in furtherance of his drug distribution and should not mention Defendant's intention(s).[23] Finally, the Government argues Defendant's ultimate conclusion—that the Court exclude Cowan's entire opinion—is excessive.[24]

The Court agrees with both sides. Cowan's above-mentioned statements impermissibly skirt the line of Defendant's mental state as to his intent to distribute the drugs, instead of using them, and his intent to use the firearms in furtherance of his alleged drug activities. As such, Cowan should not—and will not—be allowed to make such assertions about Defendant's intent. But as the Government notes, that limitation is sufficient to cure the prejudice to Defendant.

Accordingly, the Motion is **GRANTED** as to Cowan's statements about Defendant's intent, and Cowan may not make such statements at trial.

### 3.    Cowan's Testimony is Reliable Under Rule 702

A witness may be qualified as an "expert" based on their "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Ultimately, "the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of" admissibility that the trial court must decide based on the standards in Rule 104(a).

---

[22] [Id.].
[23] [Id. at p. 8].
[24] [Id. at p. 9].

*Id.* advisory committee's note to 2023 amendments. Rule 104(a) provides that courts "must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." *Id.* 104(a).

Defendant makes two arguments on why Cowan's testimony is unreliable. First, that Cowan's opinion that Defendant was not a user, but a distributor, of the drugs found in Defendant's house is conclusory and only backed "by a generic invocation of 'training and experience' and 'commonly accepted practices in narcotics enforcement.'"[25] Second, that since the Government intends to call Cowan as both an expert witness and a lay witness, there is a heightened risk that the jury "will treat Cowan's case-specific advocacy as neutral expertise."[26]

As to Defendant's first argument, the Court disagrees. Cowan's opinion is based on several factual findings that build on each other. He starts by noting the amount of drugs and money the officers found in Defendant's house.[27] Then, he notes that Defendant, post-*Miranda*, admitted that he was unemployed for over a year.[28] Relying on those facts and Cowan's experience (through which he knows alleged drug traffickers usually keep their money at home and not in banks to avoid detection), Cowan concludes that the $23,782 found in Defendant's house is likely drug money.[29] Next, Cowan notes the controlled purchase conducted before searching the house.[30]

---

[25] [Doc. No. 71, p. 7].
[26] [Id. at p. 8].
[27] [Doc. No. 56-2, p. 1].
[28] [Id.].
[29] [Id.].
[30] [Id.].

Relying on that fact and finding no glass pipes or needles in the house (which according to Cowan's experience is needed to use methamphetamine and THC), Cowan concludes that Defendant is likely not a user but a distributor.[31] The Court finds the reasoning and basis for Cowan's opinions are adequate under Rule 702, and, therefore, finds his opinions are admissible.

Turning to Defendant's second argument, the Court agrees that juries can be confused when a witness is called as both a lay witness and an expert. But the Court once again disagrees with Defendant's ultimate conclusion that the Court should fully exclude Cowan's testimony.

Fifth Circuit caselaw supports this conclusion. "If a 'witness testifies as both a fact witness and an expert witness in the same trip to the witness stand ... the government and the court must take some special precautions to make clear for the jury when the witness is relying on his expertise and when he is relying only on his personal knowledge of the case.'" *United States v. Haines*, 803 F.3d 713, 727 (5th Cir. 2015) (citation omitted). These precautions include (1) "requiring the witness to testify at different times, in each capacity;" (2) "giving a cautionary instruction to the jury regarding the basis of the testimony;" (3) "allowing for cross-examination by defense counsel;" (4) "establishing a proper foundation for the expertise;" or (5) "having counsel ground the question in either fact or expertise while asking the question." *Id.* at 732 (citation omitted).

---

[31] [Id.].

Here, the Government agrees that the jury could be confused by its decision to tender Cowan as a lay and expert witness.[32] But the Government intends to take the above-mentioned precautions, such as having Cowan testify in different capacities at different times and demarcate the expert testimony by prefacing them with "Based upon your training and experience," or the like.[33] On top of that, the Government proposes modifying the jury instructions for expert witnesses to "add an instruction telling the jury to consider Agent Cowan's lay and expert testimony separately."[34] The Court finds these precautions satisfy *Haines*, and, therefore, alleviate any concerns about confusing the jury. Nevertheless, if circumstances change during the trial, Defendant may re-urge this issue.

Accordingly, Defendant's Motion is **DENIED** as to the reliability of Cowan's opinions and testimony.

### 4.    Curtis's Nexus Opinion is not Premature

Defendant argues that Curtis's testimony is premature because her report states that her opinion that the firearms in question in this case travelled through interstate commerce "is based on an examination of photographs" of the firearms and before testifying in Court, she must physically examine the firearms.[35] Defendant argues, as such, Curtis's opinions about the firearms are not a reliable application of the principles and methods to the facts of the case" as required by Rule 702.[36]

---

[32] [Doc. No. 76, p. 10].
[33] [Id.].
[34] [Id.].
[35] [Doc. No. 71, p. 9].
[36] [Id. at pp. 9–10].

The Court disagrees. The Government concedes that they do not intend to offer Curtis's report into evidence at trial, but to only rely on her testimony.[37] What's more, the Government rightly points that Defendant's objection is premature as Rule 702 only governs admission of evidence at trial and not pre-trial discovery.[38] *See* Fed. R. Evid. 702. In any event, the report provides adequate notice of the methods the Government intends to use to elicit Curtis's expert opinions showing her the physical firearm and using her experience.[39] So, the last potential problem with Curtis's report and opinions—inadequate notice—is also not present.

Accordingly, the Motion is **DENIED** as to Curtis's opinions as well.

### III.    Conclusion

For the above-stated reasons,

**IT IS ORDERED** that Defendant Donald Kelly's Motion in Limine [Doc. No. 71] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to statements made by Cowan regarding Defendant's intent, and Cowan may not make those statements. The Motion is otherwise **DENIED**.

MONROE, LOUISIANA, this 27th day of July 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[37] [Doc. No. 76, pp. 11–12].
[38] [Id. at p. 12].
[39] [Doc. No. 56-4].